Cite as 2024 Ark. App. 34

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-23-255

| | |
|---|---|
| JAMEL DAJUAN GARDNER <br> APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS <br> APPELLEE | Opinion Delivered January 17, 2024 <br><br> APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-22-251] <br><br> HONORABLE R. GUNNER DELAY, JUDGE <br><br> AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

Appellant Jamel Gardner was convicted by the Sebastian County Circuit Court of failing to comply with the sex-offender registration requirements and was sentenced to five years' imprisonment followed by five years' suspended imposition of sentence (SIS). Pursuant to *Anders v. California*,[1] and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a no-merit brief and a motion to withdraw as counsel asserting that there are no issues of arguable merit to raise on appeal. Appellant was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal, but he has not done so; the State did not file a

---

[1] 386 U.S. 738 (1967).

reply brief. After reviewing the record and arguments of counsel, we agree that there are no issues of arguable merit, and we affirm and grant counsel's motion to withdraw.

Appellant was convicted of rape in Oklahoma in 2008, and he subsequently moved to Arkansas and registered as a Level 3 sex offender in November 2019. Appellant reported and verified as required through November 2021. Appellant contacted Detective Jeffrey Mitchell of the Fort Smith Police Department around February 21, 2022, informing Mitchell that he (appellant) was in Texas and had just gotten out of the hospital for frostbite and would be unable to return to Fort Smith. Appellant was instructed to immediately contact the Lewisville Police Department (LPD) in Texas, which he did, but was informed that he could not register at the residence that he had attempted to register. The LPD instructed appellant to contact the Carrollton Police Department (CPD) for possible registration. Although he contacted CPD, appellant failed to go in and register. He subsequently stopped answering Mitchell's calls, and evidence showed that he had not lived at the Fort Smith address he had on file since around November 2021. A warrant was issued for appellant's arrest, and he was arrested in Lewisville, TX, while living in a vehicle.

A bench trial was held on March 20, 2023. Mitchell testified to the above facts. He stated that appellant failed to inform him of appellant's plans to leave the jurisdiction. He said that each verification of registration signed by appellant required him to notify Mitchell five days before changing residences, which appellant failed to do. Paula Stitz testified as the manager of the sex-offender registry of the Arkansas Crime Information Center. She stated that she did not receive anything from another state seeking information on appellant that

2

would indicate he had registered in that state. The State rested after Stitz's testimony, and the defense rested without putting on a case. The circuit court found appellant guilty of failing to comply with sex-offender registration requirements and sentenced him to five years' imprisonment followed by five years' SIS. The sentencing order was filed on March 31. Appellant filed a timely notice of appeal on April 4. This appeal followed.

Appellant was charged with the offense of failure to comply with sex-offender-registration requirements. A person commits that offense if a person "[f]ails to register or verify registration as required under this subsection."[2] Violation of this statute is a Class C felony.[3] Counsel is correct that no argument can be made challenging the sufficiency of the evidence supporting appellant's conviction because no motion for dismissal was made at the conclusion of all the evidence. In order to preserve a challenge to the sufficiency of the evidence, a criminal defendant in a nonjury trial must make a specific motion for dismissal at the close of all the evidence.[4] Failure to adhere to the requirements of Rule 33.1 will constitute a waiver of any question pertaining to the sufficiency of the evidence.[5]

Counsel is also correct that the circuit court's finding that appellant was fit to proceed is not a basis for reversal. Appellant's defense counsel conceded that appellant was fit to

---

[2]Ark. Code Ann. § 12-12-904(a)(1)(A)(i) (Supp. 2021).

[3]*Id.* The sentence for a Class C felony is not less than three years nor more than ten years. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2013).

[4]Ark. R. Crim. P. 33.1 (2022).

[5]Ark. R. Crim. P. 33.1(c).

proceed and asked the circuit court to rule as much. Since appellant received what he asked for, there is nothing to challenge.

We have reviewed the record and the brief and conclude that counsel has complied with *Anders* and Rule 4-3(b). We agree that there is no nonfrivolous argument that could serve as the basis for an appeal. Thus, we affirm and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

BARRETT and MURPHY, JJ., agree.

*Rebekah J. Kennedy*, for appellant.

One brief only.